# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-00121-RLV-DCK

| | |
|---|---|
| KYLE BUSCH MOTORSPORTS, INC., | ) |
| Plaintiff and Counter-Defendant, | ) |
| v. | ) **ORDER** |
| ZLOOP, INC.; JUSTIN BOSTON; AND JUSTIN BOSTON RACING, LLC, | ) |
| Defendants and Counter-Plaintiffs. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' Motion to Change Venue and Plaintiff's Motion to Remand. [Doc. No. 2]; [Doc. No. 4]. These matters are now ripe for review and decision. After reviewing the parties' respective briefs, the record as a whole, and applicable law, the Motion to Change Venue is hereby **DENIED-AS-MOOT**, and the Motion to Remand is hereby **GRANTED**.

## I. BACKGROUND

Plaintiff Kyle Busch Motorsports, Inc. is a company incorporated under the laws of North Carolina, and with its principal place of business located in Iredell County, North Carolina. [Doc. No. 1-1] at p. 2 (¶ 1). Justin Boston (hereinafter, "Defendant Boston") is a citizen and domiciliary of North Carolina. *Id.* at p. 2 (¶ 2). Justin Boston Racing, LLC (hereinafter, "Boston LLC") is a limited liability company incorporated under the laws of Delaware, but with its principal place of business in North Carolina. [Doc. No. 1-1] at p. 2 (¶ 4). Zloop, Inc. (hereinafter, "Zloop") is incorporated under the laws of Delaware, but maintains its principal place of business in North Carolina. *Id.* at p. 3 (¶ 5).

The instant lawsuit arises out of an alleged breach of contract dispute between the Plaintiff and the Defendants. On November 11, 2014, Defendant Boston, Boston LLC, and Zloop entered into a "Driver Contract" (hereinafter, the "Contract") with Plaintiff. [Doc. No. 1-1] at p. 3 (¶ 11). Under the Contract, Defendants jointly and severally agreed to pay the Plaintiff over three million dollars in exchange for certain sponsorship rights afforded by Plaintiff. *Id.* at p. 3 (¶ 13). This sum was required to be paid according to a payment calendar during the first ten months of 2015. *Id.* The Contract also called for the Defendants to pay the Plaintiff an additional sum of approximately three million dollars over the course of the first ten months of 2016. *Id.* at p. 4 (¶ 14). Eventually, the parties' contractual relationship broke down when the Defendants' failed to remit payment for sums due under the Contract. *See* [Doc. No. 1-1] at pp. 4-6 (¶¶ 16-35). Plaintiff claims that Defendants' breached the Contract, resulting in damages of at least $4,025,061.20.

In August 2015, Plaintiff filed suit against the Defendants in the Superior Court of Iredell County, North Carolina. *See* [Doc. No. 1-1]. Plaintiff's complaint asserts only a claim for breach of contract under North Carolina law. *See id.* at pp. 6-7. On September 24, 2015, Defendants filed a notice of removal with this Court. *See* [Doc. No. 1]. In the notice of removal, the Defendants claim that this Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334. Defendants claim jurisdiction pursuant to these statutes because, on August 9, 2015, Zloop "and two affiliates . . . filed petitions for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware . . . ." [Doc. No. 1] at p. 2. Defendants claim no other basis for subject matter jurisdiction. Plaintiff filed its Motion to Remand soon thereafter, claiming that, *inter alia*, this Court should abstain from exercising jurisdiction and remand this purely state law claim to the North Carolina state court system for adjudication. [Doc. No. 4].

On October 28, 2015, Defendant Zloop was voluntarily dismissed from this lawsuit, and a claim for approximately four million dollars was filed by Plaintiff against Zloop in Zloop's bankruptcy case. *See* [Doc. No. 13]; [Doc. No. 18-1].

**II.    DISCUSSION**

This matter was removed from the state court system pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334. Section 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 contains three subsections that are relevant here. Section 1334(a) provides that "the district courts *shall have* original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a) (emphasis added). While Section 1334(a) grants district courts "original and exclusive" jurisdiction, subsection (b) grants district courts original but *concurrent* jurisdiction over cases that may otherwise be brought in the state courts. *See* 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."). While a federal court may not ordinarily decline to hear a case over which it is vested with original jurisdiction, *see Ohio v. Wyandotte Chemicals Corp.*, 401 U.S. 493, 496-97 (1971) ("[I]t is a time-honored maxim of the Anglo-American common-law tradition that a court possessed of jurisdiction generally must exercise it."), Section 1334(c)(1) overrides that general rule by granting the district courts the discretion to either exercise or refuse to exercise jurisdiction over certain cases removed under Section 1334(b) "in the interest of justice, or in the interest of comity with State courts or respect for State law[.]" *See* 28 U.S.C. § 1334(c)(1).

This case was removed pursuant to Section 1334(b) and concerns only a claim for breach of contract under North Carolina law. *See id.* at pp. 6-7. The alleged debtor, whose bankruptcy action allegedly supported removal to this Court, has been dismissed from this action. *See* [Doc. No. 13]. Because the debtor has been voluntarily dismissed from this lawsuit, the claims at issue are alleged against only non-debtors. It is beyond dispute that Plaintiff's cause of action is not a bankruptcy case; therefore, it is not one "under title 11," and Section 1334(a)'s mandatory jurisdiction requirement is inapplicable. Under these facts, and for purposes of Section 1334(b), the claims asserted by the Plaintiff's complaint also do not "arise under title 11" or "arise in" a case under title 11. *See* 28 U.S.C. § 1334(b); *accord Barge v. Western Southern Life Ins. Co.*, 307 B.R. 541, 544 (N.D. W. Va. 2004) ("[C]ivil proceedings arising under Title 11 include those created by Title 11 such as a claim for exemptions under §522 or the exercise by the trustee of an avoiding power under §544(b). . . . Those arising in a case under Title 11 include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate." (citations omitted)). Rather, the claims brought by Plaintiff arise from state law and not a bankruptcy matter brought under title 11.[1]

At most, this case can only be construed to "relate[]to [a] case[] under title 11." *See* 28 U.S.C. § 1334(b). The title 11 case to which this case allegedly relates is former-Defendant Zloop's bankruptcy, which is ongoing in the District Court of Delaware. *See In re ZLOOP, Inc.*, No. 15-11660-KJC (Bankr. Del. 2015). However, that relation existed most strongly only when Zloop was a party. Since Zloop was dismissed as a party-defendant, the relation of this action to the bankruptcy has become further attenuated, and the Court is unaware of any federal interest that is

---

[1] Even if Plaintiff's claims *do* "arise under" or "arise in" a "case[] under title 11," the Court is still granted permissive authority to abstain from exercising such jurisdiction. *See* 28 U.S.C. § 1334(b)-(c). Because this case is not one "under title 11," the Court does not have *mandatory* jurisdiction. *See* 28 U.S.C. § 1334(a). Thus, the Court exercises its discretion to abstain even under this alternative analysis.

maintained by retaining jurisdiction over this action. Indeed, the Court assumes that any federal interest that *does* exist is now properly before the Delaware bankruptcy court for consideration, because the Plaintiff has filed a claim against Zloop in the bankruptcy case. *See* [Doc. No. 18-1]; *see also In re ZLOOP, Inc.*, No. 15-11660-KJC (Bankr. Del. 2015) (Claim No. 16-1). Thus, the Court believes the remaining pure questions of state law should be properly resolved by a state court of appropriate jurisdiction.

Defendants attempt to argue that a federal interest still exists here because they can seek indemnification from Zloop should Plaintiff prevail against them. *See* [Doc. No. 18]. Moreover, Defendants argue that a remand will increase the risk of inconsistent judgments between the state court (in adjudicating this case) and the bankruptcy court (in adjudicating the claim against Zloop). However, the Court is not persuaded. First, the alleged risk of inconsistent judgments is a red-herring. Zloop and the Defendants are different parties, and therefore may have different liabilities to the Plaintiff. A judgment against Defendants, even in the same case, would not necessarily demand a judgment against Zloop, and vice-versa.

Second, a Plaintiff is presumptively entitled to the venue of its choice, and that choice should not be overridden simply because of the case's tangential and attenuated connection to the bankruptcy of a party that is not even a defendant in the case. *See Glamorgan Coal Corp. v. Ratners Grp., PLC*, 854 F. Supp. 436, 437 (W.D. Va. 1993) ("[A] plaintiff's choice of forum is entitled to a degree of deference, especially when, as in this case, it chooses to file suit in the district and division in which it resides." (citing *Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947))); *accord* [Doc. No. 1-1] at p. 2 (¶ 1) (alleging that Plaintiff is a North Carolina corporation with a principal place of business in Iredell County, North Carolina). Third, Defendants' argument overlooks the fact that any claim against Zloop, either directly or for contribution/indemnification,

will necessarily require the attention of the bankruptcy estate. Such is not the case here, and therefore no federal interest is served by this Court retaining jurisdiction.

Finally, much ado is made out of the fact that this case allegedly "related to" a case under title 11. *See*, *e.g.*, [Doc. No. 1] at pp. 4-5. However, this argument glosses over the Court's permissive and concurrent jurisdiction over those cases that merely "relate[] to" a title 11 case. *See* 28 U.S.C. § 1334(c)(1). Defendants have pointed this Court to no authority which *mandates* that it exercise jurisdiction over such a case, and the Court has found none.

Therefore, the Court finds that the "interest[s] of justice," "interest[s] of comity with State courts," and "respect for State law" favor abstention. *See* 28 U.S.C. § 1334(c)(1). Under these circumstances, the Court may equitably remand the action to the North Carolina state court system. *See* 28 U.S.C. § 1452(b). Accordingly, the Court does hereby **REMAND** this action to the Superior Court of Iredell County, North Carolina.

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendants' Motion to Change Venue (Doc. No. 2) is hereby **DENIED-AS-MOOT**;

(2) Plaintiff's Motion to Remand (Doc. No. 4) is hereby **GRANTED**;

(3) This matter is hereby **REMANDED** to the Superior Court of Iredell County, North Carolina pursuant to 28 U.S.C. § 1452(b); and

(4) The Clerk shall administratively terminate this case.

**SO ORDERED**.

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge